UNITED S11-7467
TATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE AVILA , ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11 C 7467 |
| vs. ) | |
| ) | |
| WATTS ELECTRIC COMPANY, INC., ) | |
| an Illinois Corporation, and ERTUGRAL ) | |
| DINC, individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiffs Jamie Avila and William Rivera, Jr. filed a complaint against Defendants Watts Electric Company ("Watts") and Ertugral Dinc alleging violations of the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* (;251;251"FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). Presently before us is Defendants' motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, we grant the motion.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Avila and Rivera were employees at Watts. (Compl. ¶ 2). Defendant Dinc is an officer at Watts and has the authority to sign off on payroll accounts and participate in decisions regarding employee compensation. *Id*.

1

On October 20, 2011, Plaintiff Avila filed a complaint alleging violations of overtime laws. (Resp. ¶ 1.) On February 27, 2012, Defendants made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Accompanying this offer was a sworn declaration from Defendant Dinc, which stated that the offer included the "total amount of wages owed to Mr. Avila . . . from October, 2008 through the present." (Mem., Ex. B, Decl. of Dinc ¶ 7.) The offer also included "reasonable attorneys' fees and costs to be determined by the Court." (Mem., Ex. B, Offer of Judgment.) Plaintiff Avila rejected the offer. (Resp. ¶ 4.) On March 23, 2012, Plaintiff Rivera filed a notice of consent to become a party plaintiff in a collective action under the FLSA. (Resp. ¶ 9.) On March 26, 2012, Defendants made a second offer of judgment, this time to both plaintiffs. Accompanying the offer was a second sworn declaration from Defendant Dinc, which stated that the offer included the "total amount of wages owed to Mr. Avila . . . from October, 2008 through the present" and the "total amount of wages owed to Mr. Rivera . . . from October, 2008 through the present." (Mem., Ex. C, Decl. of Dinc ¶¶ 7,11.) The offer also included "reasonable attorneys' fees and costs to be determined by the Court." (Mem., Ex. C, Offer of Judgment.) Plaintiffs Avila and Rivera rejected this offer. (Resp. ¶¶ 10, 13.) On April 30, 2012, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiffs' failure to accept Defendants' offers of judgment rendered the case moot and deprived us of subject matter jurisdiction.

## STANDARD OF REVIEW

Article III of the United States Constitution grants to federal courts "judicial power" over "cases" and "controversies." U.S. Const. Art. III § 2. For a case and controversy to exist, "[b]oth litigants must have a personal interest in the case at the beginning of the litigation, and

2

their interests must persist throughout its entirety." *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994); *see also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208 (1980).

If one of the litigants loses his personal interest, the case is moot and the court no longer has subject matter jurisdiction, as there is no controversy over which the court can assert judicial power. *See Holstein*, 29 F.3d at 1147. In the context of Rule 68, a case becomes moot "[o]nce the defendant offers to satisfy the plaintiff's entire demand." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *see also Alliance to End Repression v. Chi.*, 820 F.2d 873 (7th Cir. 1987).

A challenge to subject matter jurisdiction can be facial or factual. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

A facial challenge attacks the sufficiency of the plaintiff's complaint. *Id.* In response to a facial challenge, the party asserting jurisdiction "need only show the existence of facts that could, consistent with the complaint's allegations, establish standing." *Id.; see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992) (finding that because standing is an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation). Thus, for facial challenges to subject matter jurisdiction, plaintiffs are held to the same standard they would be for a 12(b)(6) motion to dismiss.

A factual challenge, on the other hand, accepts the sufficiency of the plaintiff's complaint but argues that, based on the facts, the court does not have subject matter jurisdiction to hear the

claims. *Apex*, 572 F.3d at 444. When considering a factual challenge to subject matter jurisdiction, "the district court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (internal quotation marks omitted).

Whether the defendant makes a facial or factual challenge to subject matter jurisdiction, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987); *Askins v. Zachry Indus., Inc.*, No. 09 C 2202, 2010 WL 780329, at *2 (C.D. Ill. Mar. 3, 2010) (finding that in the context of Rule 68, the plaintiff bears the burden of establishing jurisdictional requirements).

## ANALYSIS

Defendants argue that we should dismiss Plaintiffs' claims because once Defendants made full and complete offers of judgment, Plaintiffs no longer had a personal interest in the case. (Mem. at 5.) If Defendants were challenging the sufficiency of the Plaintiffs' complaint, Plaintiffs would only have to show the existence of facts that could, consistent with the complaint, establish standing. *Apex*, 572 F.3d at 443*; see also Lujan*, 504 U.S. at 561, 112 S.Ct. at 2137. Defendants, however, do not challenge the sufficiency of Plaintiffs' complaint; they challenge the underlying factual basis for subject matter jurisdiction. Once Defendants make factual allegations that call a plaintiff's standing into question, "[t]he presumption of correctness that we accord to a complaint's allegations falls away," *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998), and "the plaintiff bears the burden of coming forward with competent proof that standing exists," *Apex*, 572 F.3d at 444–445 (citing *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003)).

4

Defendants made two offers of judgment. With each offer, Defendants submitted copies of sworn declarations from Defendant Dinc, attesting that the offers were complete. Defendants also provided forty-nine pages of payroll documents. (Mem., Ex. E.) In response, Plaintiffs argued that Defendants' offers did not constitute complete relief and that the documents provided by the Defendants were "questionable and recreated accounting records." (Resp. ¶¶ 17.) Plaintiffs, however, provided no support for these arguments, and an argument in a brief does not constitute evidence sufficient to dispute another party's sworn declarations. *See U.S v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("[A]rguments in a . . . brief, unsupported by documentary evidence, are *not* evidence.") (emphasis in original); *see also Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence."). Thus, Plaintiffs have failed to meet their burden.

Instead of providing competent proof that standing exists, Plaintiffs argue that Defendants are trying to "'pick off' the representative plaintiffs in a potential FLSA collective action." (Resp. ¶ 9.) The operative word, however, is "potential." Plaintiffs are correct that, as a general rule, a defendant's offer of judgment does not moot a case if the court has certified a class action. *Holstein*, 29 F.3d at 1147; *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S. Ct. 553, 559 (1975). Once a class has been certified, the plaintiff's claim is no longer the only claim at issue and an Article III case or controversy "may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." *Sosna*, 419 U.S. at 402, 95 S. Ct. at 559. Plaintiffs, however, have not moved for class certification. Therefore, their argument misses the mark.

## CONCLUSION

For the reasons set forth above, we grant Defendants' motion to dismiss. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 24, 2012